___ Priority
_✓_ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT

APR - 5 2000

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICHARD VALDES, et al.,       )
                              )
            Plaintiff(s),     )
                              )
    vs                        )    CASE NO:  CV00-3276-SVW(SHx)
                              )
                              )              ORDER
HERB CANNON, et al.,          )
                              )
            Defendant(s).     )
                              )
_____)



This case has been assigned to the calendar of Judge Stephen V. Wilson.  The Court fully adheres to Rule 1 of the Federal Rules of Civil Procedure which requires that the Rules be "construed to secure the just, speedy and inexpensive determination of every action."

Counsel should also be guided by the following special requirements:

1.  The Plaintiff shall promptly serve the complaint in accordance with the Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5.8.

2.  The attorney attending any proceeding before this Court must be the attorney who is primarily responsible for the

conduct of the case.

3. Motions: Motions shall be filed and set for hearing in accordance with Local Rule 7. Motions are heard on Mondays at 1:30PM, unless otherwise ordered by this Court. If Monday is a national holiday, this Court DOES NOT hear motions on the succeeding Tuesday. Any motions noticed for a holiday shall automatically be set to the next Monday without further notice to the parties.

A. Page Limits: Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies, thereto, shall not exceed 12 pages. These are maximum page limits. It is the Court's preference that the pleadings be shorter. If it cannot be said briefly, then it is not a "brief."

B. Motions for Summary Judgment: Use of depositions

Pursuant to Local Rule 8.1.2, no original or copy of a deposition shall be lodged in support of a Motion for Summary Judgment (or other substantive motion). Counsel shall file the pertinent excerpts of depositions as an exhibit or supplement to said motion.

4. DISCOVERY: ALL DISCOVERY MATTERS HAVE BEEN REFERRED TO A UNITED STATES MAGISTRATE JUDGE (see initial designation in parenthesis following the case number) for the specific purpose of hearing all discovery matters. Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge. The Court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes. Any discovery disputes that are not resolved three (3) weeks prior to the scheduled trial date should be brought promptly and directly to the attention of this Court. Counsel are directed to contact the clerk for the assigned Magistrate Judge to

schedule matters for hearing. The words DISCOVERY MATTER shall appear in the caption of all documents relating to discovery to insure proper routing.

The decision of the Magistrate Judge shall be final and binding, subject to modification by the District Court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Within ten (10) days of an oral ruling which the Magistrate Judge indicates will not be followed by a written ruling, or within ten (10) days of service upon him/her of a written ruling any party may file and serve a motion for review and reconsideration before this Court, specifically designating the portions of the decision objected to and specifying wherein such portions of the decision are clearly erroneous or contrary to law, with points and authorities in support thereof. A copy of the moving papers and responses, etc., shall be delivered to the Magistrate Judge's clerk for review upon the filing of said documents.

5. EXPARTE APPLICATIONS: Exparte Applications are considered on the papers and are not set for hearing. Counsel are advised to file and serve their exparte applications as soon as they realize that extraordinary relief is necessary. Counsel are advised that this Court allows exparte applications solely for extraordinary relief - sanctions may be imposed for misuse of exparte applications. See In Re: Intermagnetics America, Inc., 101 Bankr. 191 (C.D. Cal. 1989). The requesting party shall notify the responding party that opposing papers must be filed not later than 3:00PM on the first business day succeeding the day the exparte was served. If counsel are not going to oppose an exparte application, they must inform the

clerk at 213-894-2881.  Counsel will be notified by the clerk of the Court's ruling.

6.  TRIAL PREPARATION:  This Court strives to set trial dates as early as possible and does not approve of unnecessarily protracted discovery.  This Court issues an "Order Re:  Trial Preparation" upon the setting of a trial date.

7.  CONTINUANCES:  Continuances are granted only upon a showing of good cause, particularly focussing upon evidence of diligent work by the party seeking delay and of prejudice that may result from the denial of a continuance.  Counsel requesting a continuance MUST submit a DETAILED declaration as to the reason.  Any continuances requested not accompanied by said declaration will be rejected without notice to the parties.  The Court sets FIRM trial dates and will not change them without good cause having been shown.

8.  STIPULATIONS:  NO stipulations extending scheduling dates set by this Court are effective unless approved by this Court.  All stipulations must be accompanied by a DETAILED declaration explaining the reason for the stipulation.  Any stipulation not in compliance with this Order or the Local Rules of the Central District will automatically be rejected without notice to the parties.  Stipulations shall be submitted well in advance of the relief requested.  Counsel wishing to know whether or not a stipulation has been signed shall comply with Local Rule 3.5.5.

9.  NOTICE:  Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, is required to promptly give notice of these requirements to the opposing parties or their counsel.  If this case came to this Court via a Petition for Removal this burden falls to the removing defendant.

10. NOTICE OF REMOVAL: Any answers filed in state court MUST be refiled in this Court as a supplement or exhibit to the Notice. If an answer has not, as yet, been filed, said answer or responsive pleading shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Central District. Any pending motions must be renoticed according to Local Rule 7.

11. BANKRUPTCY APPEALS: Counsel shall comply with the ORDER RE PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court. The matter is considered submitted upon the filing of the appellant's reply brief. No oral argument is held unless by order of this Court.

12. TRANSCRIPTS: Requests for transcripts shall be made in writing to Court Reporter Co-Ordinator ~~Gary George~~, 4th Floor, U.S. Courthouse, Los Angeles, CA 90012, 213-894-3075 ~~620-0314~~. Arrangements for daily transcripts shall be made not later than five (5) days prior to the hearing or trial to be transcribed. Requests for daily transcripts made on the day of the hearing/trial to be transcribed may not be honored; it shall be at the discretion of Mr. George. Counsel representing the United States or one of its agencies shall present a preauthorization purchase order when ordering transcripts.

DATED: April 5, 2000

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Rev 5/94

5